JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Jamie Lopez, appeals his conviction in the Cuyahoga County Court of Common Pleas for drug trafficking. For the reasons stated herein, we affirm.
 {¶ 2} Lopez was indicted on May 11, 2006 on one count of possession of drugs with a major drug offender specification, one count of drug trafficking with a major drug offender specification, and one count of possessing criminal tools. Lopez pled guilty to an amended drug trafficking charge, a felony of the first degree, and the remaining counts were nolled. The trial court sentenced Lopez to an agreed prison term of nine years, with five years of post-release control. As part of a plea agreement, Lopez voluntarily forfeited all items that were confiscated at the time of his arrest. This was included in the trial court's journal entry.
 {¶ 3} Lopez filed this appeal, raising three assignments of error for our review. His assignments of error provide as follows:
 {¶ 4} "[I.] The trial court abused its discretion by failing to provide Mr. Jamie Lopez with a qualified interpreter in violation of his constitutional rights and in violation of Ohio Revised Code Section 2311.14."
 {¶ 5} "[II.] The trial court failed to establish, pursuant to Criminal Rule 11(C)(2)(A) that Jamie Lopez knowingly and voluntarily [entered] his plea of guilty."
 {¶ 6} "[III.] Mr. Lopez was denied effective assistance of counsel at his trial by the acts and omissions of his attorney, which are evident in the record, in violation *Page 4 
of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 7} Under these assignments of error, Lopez argues that he is not a United States citizen, that he was not able to effectively communicate in English at the time of the proceedings, that his trial counsel failed to request an interpreter to assist him in understanding the legal proceedings, and that his trial counsel erroneously indicated to the court that Lopez was fluent in the English language. Lopez further states that the trial court failed to conduct a dialogue with Lopez to determine his ability to understand the proceedings and his ability to enter a plea of guilty knowingly, intelligently, and voluntarily.
 {¶ 8} R.C. 2311.14(A) provides: "Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person." It is well settled that "in a criminal case the defendant is entitled to hear the proceedings in a language he can understand." See State v. Pina (1975),49 Ohio App.2d 394, 399.
 {¶ 9} A trial court is given broad discretion to determine whether a criminal defendant requires the assistance of an interpreter. State v.Nasser, Franklin App. No. 02AP-1112, 2003-Ohio-5947; State v. Saah
(1990), 67 Ohio App.3d 86. Accordingly, an appellate court shall not reverse a trial court's ruling in this regard *Page 5 
absent a showing that the trial court acted unreasonably, unconscionably, or arbitrarily. Id.
 {¶ 10} Here, we first note that the trial judge was in the best position to determine if an interpreter was needed. The transcript in this matter reflects that at the beginning of the proceedings on November 9, 2006, the prosecution asked that the record reflect that Lopez was fluent and could understand English. When asked if this was correct, Lopez's trial counsel responded affirmatively. Although the trial judge did not specifically inquire of Lopez as to whether he understood English, the transcript of proceedings reflects that Lopez could readily understand and communicate in English.
 {¶ 11} Our review of the transcript reflects that Lopez was able to understand and respond appropriately to the trial judge's questions relating to his name, age, citizenship, education, and marital status. He also was able to engage in a clear dialogue with the court about how he came to the United States. Not only were Lopez's answers clearly stated in English, but also, the record reflects that Lopez had been in the United States for nine years.
 {¶ 12} The trial court advised Lopez that because he was not a U.S. citizen, a conviction for the offense to which he was pleading guilty could result in deportation, exclusion from admission to the United States, or denial of naturalization. Lopez indicated that he understood. The record also reflects that Lopez's trial counsel had communicated with his client, and no indication was made as to any difficulties in *Page 6 
communicating with Lopez. At no time did Lopez display any difficulties with his understanding of the proceedings against him or with his ability to understand the English language.
 {¶ 13} Because the record supports the conclusion that Lopez had sufficient command of the English language to comprehend the proceedings and to participate in his defense, the trial court did not abuse its discretion in proceeding without appointing Lopez an interpreter. We further find that Lopez was not denied any of his constitutional rights in this regard.
 {¶ 14} Lopez next asserts that although the trial court informed him of the rights he would be giving up by entering a plea of guilty, the court did not engage in a dialogue sufficient to ensure that Lopez was entering the plea knowingly, intelligently, and voluntarily. Here again, it is Lopez's contention that he was unable to communicate effectively in the English language.
 {¶ 15} As discussed above, the record reflects that Lopez was able to effectively understand and communicate in the English language. The trial court explained to Lopez the nature of the charge, his rights, the effect of entering a guilty plea and the rights he would be waiving by entering a guilty plea, the sentence that would be imposed, and the potential for deportation. In each instance, the trial court inquired if Lopez understood and Lopez responded affirmatively. The trial court asked Lopez if he had any questions as to what was going on, to which Lopez responded, "No." Lopez also expressed that he was satisfied with his attorney and *Page 7 
that his plea was voluntarily, freely and knowledgeably made. Our review of the record in this case discloses that the requirements of Crim. R. 11(C) were fully satisfied.
 {¶ 16} Finally, Lopez argues that his trial counsel was ineffective by failing to request an interpreter, representing to the court that Lopez was fluent in English without having the court conduct a dialogue with Lopez to make the determination, and allowing Lopez to admit to a first-degree felony and to agree to a nine-year prison sentence without the assistance of an interpreter and without ensuring that Lopez was able to fully understand the implications of entering into such a plea agreement. As previously set forth, the record demonstrates that Lopez was able to effectively comprehend and communicate in the English language and did not require the assistance of an interpreter. Lopez has failed to demonstrate that his counsel's performance was deficient, or that he was prejudiced by the lack of an interpreter.
 {¶ 17} Lopez's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 8 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1