[Cite as *State v. G.C.*, 2016-Ohio-717.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellee, : No. 15AP-536
(C.P.C. No. 14CR-2997)

v. :

                                       (REGULAR CALENDAR)

[G.C.], :

      Defendant-Appellant. :

---

D E C I S I O N

Rendered on February 25, 2016

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, G.C., appeals from a judgment of the Franklin County Court of Common Pleas, convicting him of two counts of rape in violation R.C. 2907.02. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} On May 30, 2014, investigators responded to a call on Neil Avenue, in Columbus, Ohio, regarding a sexual assault upon a 14-year-old female. The victim had informed her older sister, L.D., that appellant had forced her to have sex earlier that day. Investigators first spoke with L.D., appellant's wife, and she confirmed that her younger sister had made the allegation against her husband. The victim then related that appellant had pulled off her shorts and underwear and proceeded to have vaginal intercourse with

her. The victim stated that appellant did not wear a condom during the assault. She also told investigators that appellant had vaginally raped her 20 to 30 times in the past year. When confronted with the allegations, appellant admitted that he had engaged in vaginal intercourse with the victim four or five times in the past year, but he denied that he had ejaculated in the victim.

{¶ 3}  On June 6, 2014, a Franklin County Grand Jury indicted appellant on three counts of rape, in violation of R.C. 2907.02, and three counts of unlawful sexual contact with a minor, in violation of R.C. 2907.04.  On March 11, 2015, appellant entered a plea of guilty to Counts 1 and 3 of the indictment charging him with rape, felonies of the first degree.  Upon motion of the prosecutor and pursuant to an agreement with appellant, the trial court entered a nolle prosequi as to the remaining counts in the indictment.

{¶ 4}  The transcript of the plea hearing reveals that the trial court complied with the requirements of Crim.R. 11 in accepting appellant's guilty plea and convicting him of two counts of rape. At the plea hearing, the trial court personally addressed appellant and informed him of each of the constitutional and statutory rights he would be relinquishing by pleading guilty. During the plea colloquy appellant responded in the affirmative when the trial court asked if he could "read and write English reasonably well?" (Mar. 11, 2015 Tr. 5-6.) When the trial court asked appellant "[h]ow much education have you completed in your life," appellant responded: "High school." (Mar. 11, 2015 Tr. 5.)

{¶ 5}  Appellant also confirmed that he was a citizen of the United States.  The trial court then explained to appellant that the court could impose a prison term of up to 22 years with an additional 5 years of post-release control.  The court further explained to appellant that Ohio law required that he be classified as a Tier III sex offender subject to a lifetime reporting requirement.

{¶ 6}  Following the colloquy, the trial court stated:

> THE COURT: Let the record reflect that the Defendant was here in open court with counsel and that the Defendant was informed of all constitutional rights and has made a knowing, intelligent, and voluntary waiver of those rights. I also find that the Defendant understands the nature of the charges, the effect of the pleas, as well as the maximum penalties that can be imposed.

> Therefore, I find the Defendant guilty of Count One and Count Three, rape, a violation of Section 2907.02 of the Revised Code, felonies of the first degree.

(Mar. 11, 2015 Tr. 14.)

{¶ 7} The trial court scheduled a sentencing hearing for April 10, 2015, and ordered a presentence investigation ("PSI"). In the course of the presentence investigation, appellant made statements to an interviewer to the effect that he was unable to respond to the interviewer's questions because he is not English proficient. The investigator made the following comments in the report:

> **It should be noted that when the pre-sentence interview began, the offender advised he was unable to answer any questions and needed an interpreter. He was asked why he didn't need one prior in Court and he advised he didn't understand what he was being asked. His attorney advised probation that he and the Court did not believe there have been any issues with his ability to understand and speak and this was a "new" development. Please see attitude section for details. As a result, all details below came from his intake packet**

(Emphasis omitted.) (PSI, 6.)

{¶ 8} In the "Attitude" section of the PSI the investigator noted the following:

> After receiving notification from the offender's attorney that [an interpreter] was not needed, this raises several questions as to the attitude given by the offender and his "sudden" inability to understand what is going on.

(PSI, 10.)

{¶ 9} On April 6, 2015, appellant's trial counsel moved the court for approval of interpreter fees for the sentencing hearing. The memorandum in support provides as follows:

> On June 27, 2014, Defendant provided an Affidavit of [Indigency] to the Court requesting the appointment of Counsel * * *. During much of the pendency of the case, Counsel and Defendant communicated adequately, until recently when defendant wished to have several matters explained to him in his native language of Bengali. Counsel has made arrangements with Assist Interpretation and

Translation Services to procure the services of a Bengali
interpreter. Fees for the service are billed at $65.00 per hour.
Counsel estimates one hour of service. Counsel feels such fees
are necessary for the effective representation of Defendant.

The trial court subsequently approved the payment of interpreter fees "for good cause shown." (Apr. 21, 2015 Entry.) At the start of the sentencing hearing, the trial court administered the interpreter's sworn oath. The trial court subsequently journalized the interpreter's written "Oath."

{¶ 10} As a result of the April 10, 2015 sentencing hearing, the trial court sentenced appellant to a 6-year term of imprisonment as to Count 1 of the indictment consecutive to an 11-year term as to Count 3 of the indictment, for an aggregate prison term of 17 years. Appellant filed a notice of appeal to this court on May 27, 2015, and a motion for leave to file a delayed appeal pursuant to App.R. 5(A). On June 10, 2015, this court granted appellant's motion for leave to appeal.

## II. Assignment of Error

{¶ 11} Appellant sets forth a single assignment of error as follows:

The trial court erred by entering judgment of conviction based
upon guilty pleas that were not knowing, intelligent and
voluntary.

## III. Standard of Review

{¶ 12} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Triplett,* 10th Dist. No. 11AP-30, 2011-Ohio-4480, ¶ 9, quoting *State v. Engle,* 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) addresses guilty pleas in felony cases, and requires a trial judge to determine whether the criminal defendant is fully informed of his or her rights and understands the consequences of his or her pleas. *Id.*

{¶ 13} Ordinarily, " '[i]n considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a *de novo* review of the record to ensure that the trial court complied with constitutional and procedural safeguards.' " *State v. Eckler*, 4th Dist. No. 09CA878,

2009-Ohio-7064, ¶ 48, quoting *State v. Jodziewicz*, 4th Dist. No. 98CA667 (Apr. 16, 1999). Appellant, however, failed to allege that he lacked English proficiency either prior to or during his plea hearing. Nor did appellant raise the issue by way of a presentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Rather, appellant elected to proceed with the sentencing hearing with the aid of an interpreter. Appellant, therefore, raises his claim that his plea was not knowing, intelligent, and voluntary due to his inability to understand English for the first time in his appeal to this court.

{¶ 14} Appellant's failure to raise the validity of his plea in the trial court constitutes a waiver of the issue on appeal, absent plain error. *State v. Esqueda*, 10th Dist. No. 96APA01-118 (Sept. 30, 1996); *State v. Newcomb*, 10th Dist. No. 03AP-404, 2004-Ohio-4099; *United States v. Garcia-Perez*, 190 Fed.Appx. 461 (6th Cir.2006). Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To prevail on a claim of plain error, the proponent must show that an error occurred, that the error was clear or equivalently obvious under current law, and that the error affected a substantial right. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

## IV. Legal Analysis

{¶ 15} In his sole assignment of error appellant contends that the trial court erred when it convicted him of two counts of rape without appointing an interpreter to insure that appellant entered a knowing, voluntary, and intelligent plea of guilty. The record establishes that appellant was born in Bangladesh, India, but that he took up permanent residence in the United States in 2007.

{¶ 16} Appellant concedes that, on its face, the transcript of the plea hearing establishes compliance with Crim.R. 11(C)(2). Appellant argues, however, that his guilty plea was not a knowing, intelligent, and voluntary waiver of constitutional and statutory rights because he is not English proficient and because the trial court failed to provide him with the services of a Bengali interpreter at his plea hearing.

{¶ 17} "[I]n a criminal case the defendant is entitled to hear the proceedings in a language he can understand." *State v. Pina*, 49 Ohio App.2d 394, 399 (2d Dist.1975). "Generally, a trial court has broad discretion in determining whether a criminal defendant requires the assistance of an interpreter." *State v. Saah*, 67 Ohio App.3d 86, 95 (8th

Dist.1990). The decision regarding whether a defendant is entitled to a court-appointed language interpreter is based on the trial court's assessment of the defendant's apparent ability to comprehend and communicate in the English language. *State v. Castro*, 2d Dist. No. 14398 (Sept. 20, 1995). An imperfect grasp of the English language may be sufficient as long as the defendant has the ability to understand and communicate in English. *Id.*

{¶ 18} R.C. 2311.14 and Sup.R. 88 set forth the circumstances under which the appointment of a foreign language interpreter is mandated. R.C. 2311.14(A)(1) provides in pertinent part:

> Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person.

{¶ 19} Sup.R. 88 provides in relevant part:

> **(A) When appointment of a foreign language interpreter is required**.
>
> A court shall appoint a foreign language interpreter in a case or court function in either of the following situations:
>
> (1) A party or witness who is limited English proficient or non-English speaking requests a foreign language interpreter and the court determines the services of the interpreter are necessary for the meaningful participation of the party or witness;
>
> (2) Absent a request from a party or witness for a foreign language interpreter, the court concludes the party or witness is limited English proficient or non-English speaking and determines the services of the interpreter are necessary for the meaningful participation of the party or witness.

{¶ 20} Appellant argues that the appointment of a foreign language interpreter for his plea hearing was mandatory under both the statute and rule. The State of Ohio, plaintiff-appellee, maintains that the appointment of an interpreter in this case was purely discretionary, and that the trial court did not abuse its discretion or commit plain error when it failed to appoint an interpreter for appellant's plea hearing. We agree.

{¶ 21} Appellant did not request the appointment of an interpreter for his use in the plea hearing. In the absence of a request by a party or witness, R.C. 2311.14 requires the trial court to appoint a foreign language interpreter only if a party cannot readily understand or communicate in English. *Castro* at ¶ 9. Similarly, Sup.R. 88 mandates appointment of a foreign language interpreter, in the absence of a request, only if the court concludes the party is limited English proficient or non-English speaking and further determines the services of the interpreter are necessary for the meaningful participation of the party. *State v. Noor*, 10th Dist. No. 13AP-165, 2014-Ohio-3397, ¶ 69.

{¶ 22} Prior to appellant's plea hearing, there was nothing before the trial court that would have supported a finding that appellant was not English proficient and that a foreign language interpreter was necessary for his meaningful participation in the proceedings. Furthermore, the transcript of the plea hearing belies appellant's post-hearing claim that he is not English proficient. The transcript reveals that the trial court personally addressed appellant and that appellant responded appropriately in English to all of the court's inquiries. Neither appellant nor his trial counsel ever suggested to the trial court that appellant was not English proficient and that a foreign language interpreter was necessary for appellant's meaningful participation in the proceedings.

{¶ 23} At the time of the plea hearing, the trial court record reveals, at most, that English was not appellant's native language. Thus, the record contains no support for appellant's contention that R.C. 2311.14 and Sup.R. 88 mandated the appointment of an interpreter for appellant's plea hearing. *State v. Oluoch*, 10th Dist. No. 07AP-45, 2007-Ohio-5560, ¶ 42 (rejecting the appellant's contention that his counsel rendered ineffective assistance for failing to obtain an interpreter during the appellant's plea hearing where the record established that no language barrier precluded the appellant from understanding what transpired during the plea hearing); *Al-Tamimi v. Warren*, E.D.Mich. No. 2:06-12427 (Nov. 15, 2007) (The petitioner did not shown that his trial counsel was ineffective for failing to request a foreign language interpreter for his plea hearing where the petitioner stated at the plea hearing that he could read, write, and understand the English language and responded appropriately to the trial judge's questions, indicating comprehension of those questions.).

{¶ 24} Though appellant subsequently told an investigator that he could not understand English, appellant did not move the trial court to withdraw his guilty plea prior to sentencing. Pursuant to Crim.R. 32.1, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie,* 62 Ohio St.3d 521, 527 (1992). When such a motion is made "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 25} Nevertheless, appellant now argues that because the trial court subsequently approved reimbursement of interpreter fees for the sentencing hearing, the trial court impliedly acknowledged that an interpreter was mandatory for the sentencing hearing. Accordingly, appellant maintains that his guilty plea must not have been knowing, intelligent, and voluntary. We disagree.

{¶ 26} Initially, we note that appellant did not move the court for the mandatory appointment of an interpreter under R.C. 2311.14 and Sup.R. 88. Rather, appellant moved the court for approval of the fees for the interpreter counsel had retained for the sentencing hearing. Counsel estimated that the interpreter would be needed for approximately one hour at a rate of $65 per hour. The grounds for appellant's motion were appellant's indigence and his recently expressed wish "to have several matters explained to him in his native language of Bengali." (Apr. 6, 2015 Motion for Approval of Fees.) Nothing in the motion or the memorandum in support suggests that appellant is so lacking in English proficiency that he was unable to enter a knowing, intelligent, and voluntary plea of guilty. Nor did appellant move the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1.

{¶ 27} Pursuant to R.C. 2929.024, pertaining to "Investigation services and experts for indigent[s]" and Loc.R. 77.12 of the Franklin County Court of Common Pleas, pertaining to "Reimbursable Services," an indigent defendant may move the court to approve payment of expenses associated with certain services, including the services of interpreters, where such services "are reasonably necessary for the proper representation of [an indigent] defendant" charged with a felony. *State v. Torres*, 174 Ohio App.3d 168, 2007-Ohio-6651 (8th Dist.). Under the statute and local rule, the decision whether to approve payment for expenses is discretionary. *Id.* at ¶ 15 (Abuse of discretion is the standard for reviewing the decision of the trial court in granting, setting, or denying a

defendant's motion for funds to employ an interpreter.). The trial court in this case simply granted appellant's motion for the payment of interpreter fees "for good cause shown." Under the circumstances, the fact that the trial court granted appellant's motion for reimbursement only means that the trial court found, given appellant's indigence and his recently expressed wish to have several matters explained to him in his native language of Bengali, that appellant has shown good cause for approval of expenses associated with the services of an interpreter at the sentencing hearing. Nothing in the trial court's ruling can be reasonably construed as a finding that the appointment of an interpreter for the plea hearing was mandatory. The trial court never made a determination in this case that appellant is not English proficient and that a foreign language interpreter was necessary for appellant's meaningful participation at the plea hearing. And, as set forth above, the transcript of proceedings of the plea hearing provides no basis for the trial court to draw that conclusion.

{¶ 28} Absent a request for an interpreter either prior to or during the plea hearing, and in the absence of any claim by appellant or indication in the record that appellant was so lacking in English proficiency that he was unable to enter a knowing, intelligent, and voluntary plea of guilty, we perceive no error on the part of the trial court in failing to appoint an interpreter for appellant's plea hearing. *See State v. Lopez*, 8th Dist. No. 90240, 2008-Ohio-3534 (Even though the defendant was not a United States citizen, trial court did not err in failing to appoint an interpreter for the plea hearing where the record reflected that the defendant had been in the United States for nine years, was able to understand and respond appropriately to the trial judge's questions regarding the defendant's name, age, citizenship, education, and marital status and that the defendant was able to engage in a clear dialogue with the trial court about how he came to the United States.). Appellant is a United States citizen who has lived and worked in the United States since 2007, he did not request a foreign language interpreter for the plea hearing, his counsel had no difficulty communicating with appellant in English, and appellant responded appropriately in English to the trial court's inquiries during the plea colloquy.

{¶ 29} Furthermore, our examination of the transcript of the sentencing hearing also belies appellant's claim that he is not English proficient. The transcript of the sentencing hearing provides in relevant part, as follows:

> THE COURT: Now that we have the interpreter sworn for the purposes of this hearing, before we go any further, [G.C., Sr.], I wanted to speak to you about the interpreter that you have requested today. You have made that request, am I correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, you have previously been before the Court back on March 11 of this year 2015, where we had proceedings in which you entered a guilty plea to two counts of rape, a felony in the first degree; is that right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you remember being here for that hearing?
>
> THE DEFENDANT: Yes.
>
> THE COURT: During that hearing were you able to understand all of my questions and understand what was going on at that time?
>
> THE DEFENDANT: Your Honor, he said he understands everything, but some points he could not realize.[1]
>
> THE COURT: At that hearing did your counsel go over everything carefully and all of the forms that you signed before you signed them?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So you went over all of the forms and you understood everything that was on the forms that you signed?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, you indicate that there might have been something in my questions that you didn't understand?
>
> THE DEFENDANT: Yes, sir.

[1] It is not clear whether the interpreter, appellant or appellant's counsel made this statement.

THE COURT: Do you recall specifically what it was that you felt that you had some question about in my questions to you?

THE DEFENDANT: No.

* * *

THE COURT: Is there anything else from counsel with regard to the use of the interpreter at this time?

[PROSECUTING ATTORNEY]: Nothing additional, Your Honor.

[DEFENSE COUNSEL]: *Your Honor, the only thing I would add I feel confident during the pendency of my representation of* [*G.C., Sr.*] *we were able to communicate well. He confirmed that to me through the interpreter today.* And I don't want to get ahead of myself by addressing anything in the PSI that states there may have been some manipulation on his part to request an interpreter at this late hour, what I truly -- this is a life-changing event for [G.C., Sr.], and when we got to the point where it had truly sunk in what is going to be happening with his life for the next several years I think there was a certain amount of comfort he had with his native language, and we wanted to do that. Our communication has always been strong, and I thank the Court for allowing an interpreter today.

THE COURT: Okay. Now, does the Defendant have anything to say about any reason that this hearing should not go forward today?

[DEFENSE COUNSEL]: No, Your Honor. *It's not my belief that would be the case. We have had several communications this morning with the services of the interpreter, and he indicated to me a number of times he wished to proceed with the proceedings this morning.*

[PROSECUTING ATTORNEY]: Your Honor, I guess I would ask the interpreter to be interpreting anything that we are saying because that hasn't happened.

(Emphasis added.)  (Apr. 10, 2015 Tr. 2-5.)

{¶ 30} In addition to appellant's responses to the trial court inquiries and the representations of appellant's counsel, appellant's wife, L.D., made the following statement at the sentencing hearing:

> Your honor, [appellant] may pretend that he doesn't understand English well enough, but he has worked at * * * from 2007 to 2011. Per precautions, one must be able to read, speak and understand English language well enough to perform the duties at * * *, and [appellant] has done very well while working * * *.

(Apr. 10, 2015 Tr. 15.)

{¶ 31} When the trial court offered appellant the opportunity of elocution, he stated: "Your Honor, I'll not do this anymore in my life. I'll change my life. I will not do any, do it again forever, and I will be a very good person in the future and what I did I apologize for that." (Apr. 10, 2015 Tr. 24.)[2]

{¶ 32} Our review of the sentencing hearing transcript provides no support for appellant's claim that he is not English proficient and that an interpreter was necessary for his meaningful participation at the prior plea hearing. Thus, it provides no support for his claim that his plea was not knowing, intelligent, and voluntary, due to the trial court's failure to provide him with a foreign language interpreter. Rather than strengthening appellant's claim that he is not English proficient, appellant's contention that the interpreter did not provide a complete translation of the sentencing colloquy refutes his claim that he is not English proficient. The transcript of the sentencing hearing shows that appellant was able to provide appropriate responses to the trial court's inquiries even in the absence of a complete translation. Nor does an alleged incomplete translation of the sentencing colloquy alter the fact that appellant elected to proceed with the sentencing hearing after consulting legal counsel with the benefit of an interpreter.

{¶ 33} Based on this court's review of the record, including the transcripts of the plea hearing and sentencing hearing, as well as the PSI report, we find that the trial court did not commit any error, let alone an obvious error, when it accepted appellant's guilty plea in the absence of a foreign language interpreter. *Lopez*; *see also State v. Kunz*, 6th Dist. No. WD-10-047, 2011-Ohio-3115 (Although victim may have struggled with some

---

[2] Appellant does not dispute appellee's representation that appellant made this statement in English.

words and he spoke with imperfect grammar during his trial testimony, the trial court did not commit plain error by failing to appoint an interpreter where the victim was able to communicate what he witnessed.); *State v. Frunza*, 8th Dist. No. 82053, 2003-Ohio-4809, ¶ 19 (Interpreter's absence during jury selection did not rise to the level of prejudicial error where the appointment of the interpreter was discretionary and the appellate court was unable to determine from the record whether the appellant was prejudiced by the interpreter's absence.); *State v. Miller,* 6th Dist. No. 90-OT-037 (July 12, 1991) (The appellant's guilty plea was knowing, intelligent, and voluntary notwithstanding his claim on appeal that he was unable to understand the proceedings because of his deafness, where the record shows that the trial court took corrective action when the appellant indicated a lack of comprehension, and the appellant articulated comments, including an apology to the victim, when permitted his right of elocution.). Having concluded that the trial court did not err when it found that appellant entered a knowing, intelligent, and voluntary plea of guilty, we overrule appellant's assignment of error.

## V. Conclusion

{¶ 34} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

————————————