[Cite as *State v. Pizzaro*, 2024-Ohio-2813.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                        :

    Plaintiff-Appellee,          :

                      No. 113481

    v.                                   :

JOSE PIZZARO,                         :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 25, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679329-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee*.

Gregory T. Stralka, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Jose Pizzaro ("Pizzaro"), appeals from his convictions following a guilty plea. He raises the following assignment of error for review:

1. The appellant's guilty plea was not knowingly and intelligently made because the trial court failed to fully inquire into whether appellant understood the proceedings due to a language barrier.

{¶ 2} After careful review of the record and relevant case law, we affirm.

## I. Procedural and Factual History

{¶ 3} On March 10, 2023, Pizzaro was named in a 12-count indictment, charging him with attempted murder in violation of R.C. 2923.02 and 2903.02(A) (Count 1); felonious assault in violation of R.C. 2903.11(A)(1) (Count 2); felonious assault in violation of R.C. 2903.11(A)(2) (Count 3); discharge of a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3) (Count 4); illegal possession of a firearm in liquor permit premises in violation of R.C. 2923.121(A) (Count 5); drug trafficking in violation of R.C. 2925.03(A)(2) (Count 6); drug trafficking in violation of R.C. 2925.03(A)(2) (Count 7); drug trafficking in violation of R.C. 2925.03(A)(2) (Count 8); drug possession in violation of R.C. 2925.11(A) (Count 9); drug possession in violation of R.C. 2925.11(A) (Count 10); drug possession in violation of R.C. 2925.11(A) (Count 11); and having weapons while under disability in violation of R.C. 2923.13(A)(2) (Count 12). Counts 1-10 each contained firearm specifications. The indictment stemmed from allegations that Pizzaro shot the alleged victim, R.G., during an altercation occurring on or about January 21, 2023.

{¶ 4} On October 25, 2023, Pizzaro appeared before the trial court and expressed his willingness to accept the terms of a negotiated plea agreement with the State. Following a Crim.R. 11 colloquy, Pizzaro pleaded guilty to attempted

murder with a 54-month firearm specification as amended in Count 1, drug possession as amended in Count 9, and having weapons while under disability as charged in Count 12. In exchange for his plea, the remaining counts and specifications were dismissed.

{¶ 5} In November 2023, Pizzaro was sentenced to an aggregate, indefinite prison term, with "a minimum of 17.5 years with a calculated maximum of 22.5 years."

{¶ 6} Pizzaro now appeals from his convictions.

## II. Law and Analysis

### A. Crim.R. 11

{¶ 7} In the sole assignment of error, Pizzaro argues his guilty pleas were not knowingly and intelligently made because the trial court failed to fully inquire into whether he understood the proceedings due to a language barrier. Pizzaro contends that the trial court was aware he had trouble reading and writing English, but nonetheless failed to appoint a qualified interpreter pursuant to R.C. 2311.14(A)(1).

{¶ 8} "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise the defendant's plea is invalid." *State v. Bishop*, 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25; *see also State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶ 9} Crim.R. 11(C)(2) outlines the procedure a trial court must follow before accepting a guilty plea to a felony offense. *Bishop* at ¶ 11, citing *State v. Veney*, 2008-Ohio-5200, ¶ 8. Crim.R. 11 ensures an adequate record on review by requiring that

the trial court (1) personally inform the defendant of his rights and the consequences of his plea, and (2) determine that the plea is knowingly, intelligently, and voluntarily made. *State v. Dangler*, 2020-Ohio-2765, ¶ 11, citing *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

{¶ 10} Under Crim.R. 11(C), a trial court shall not accept a guilty plea in a felony case without first addressing the defendant and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} We review the trial court's compliance with Crim.R. 11(C) de novo. *State v. Cardwell*, 2009-Ohio-6827, ¶ 26 (8th Dist.), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977). In reviewing guilty pleas, our focus is not on whether the trial judge has "'[incanted] the precise verbiage' of the rule, . . . but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea[.]" *Dangler* at ¶ 12, quoting *State v. Stewart*, 51 Ohio

St.2d 86, 92 (1977), citing *Veney* at ¶ 15-16; *Clark*, 2008-Ohio-3748, at ¶ 26; *State v. Miller*, 2020-Ohio-1420, ¶ 19.

{¶ 12} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *Dangler*, 2020-Ohio-2765, at ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). A defendant must establish prejudice "'on the face of the record'" and not solely by virtue of challenging a plea on appeal. *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 2014-Ohio-1913, ¶ 26.

{¶ 13} However, no showing of prejudice is required (1) when a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, or (2) when a trial court completely fails to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *Clark* at ¶ 31; *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero* at 108. Thus, in evaluating whether a trial court has complied with Crim.R. 11(C), we must ask

(1) has the trial court complied with the relevant provision of the rule?

(2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and

(3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 14} In this case, the record reflects that the trial court addressed Pizzaro personally and fully questioned him regarding his decision to plead guilty. The trial court thoroughly explained the nature of each felony offense (tr. 56, 71-72), the State's reservation of its rights to bring additional charges if the victim passed away as a result of Pizzaro's conduct (tr. 35-36), the constitutional and unconstitutional rights Pizzaro would be waiving by entering a guilty plea (tr. 50-51), the consequences of a guilty plea (tr. 49-50), and the maximum penalties associated with each felony offense (tr. 56-70, 73-77, and 80-81.). In addition, the trial court confirmed that no threats or promises were made to Pizzaro in exchange for his guilty plea, and that Pizzaro was satisfied with defense counsel's representation. (Tr. 47-48.)

{¶ 15} While Pizzaro did express some confusion regarding the State's evidence and its ability to pursue additional charges if the victim passed away from his injuries, the trial court took a recess to provide Pizzaro additional information and time to speak with his attorney. Thereafter, Pizzaro confirmed his understanding of the evidence against him and the State's rights to bring future charges if necessary under *State v. Carpenter*, 68 Ohio St.3d 59 (1993). (Tr. 33-34, 41-42.) During the remainder of the plea hearing, Pizzaro continuously expressed

that he understood the trial court's advisements and stated that he had no questions or need for further clarification. (Tr. 48, 86.) At the conclusion of the Crim.R. 11 colloquy, the prosecutor and defense counsel each agreed that the trial court satisfied its obligation to ensure that a knowing, intelligent, and voluntary plea was being made. (Tr. 86.)

{¶ 16} Based on our independent review of the transcript, we find the trial court complied with all the requirements of Crim.R. 11. The trial court went to great lengths to ensure Pizzaro's understanding of the proceedings. The record reflects that the court was consciously aware of Pizzaro's reported hearing loss and difficulties reading and writing in English. (Tr. 26, 37.) To address these concerns, the court provided a comprehensive overview of the offenses and the potential penalties. In addition, the court repeatedly asked Pizzaro whether they were speaking loud and slow enough for him to understand the advisements, and often asked whether the advisements were consistent with the information verbally provided by defense counsel prior to the hearing. Pizzaro continuously confirmed that he understood each advisement and that they were consistent with counsel's representations. Lastly, the trial court provided Pizzaro with additional time to discuss the advisements with his attorney at the conclusion of the Crim.R. 11 colloquy, but Pizzaro declined. (Tr. 84.)

{¶ 17} Despite the thoroughness of the trial court's Crim.R. 11 colloquy, Pizzaro argues for the first time on appeal that the trial court's failure to inquire as

to his need for an interpreter rendered his guilty pleas unknowingly and unintelligently made.

{¶ 18} "'[I]n a criminal case the defendant is entitled to hear the proceedings in a language he can understand.'" *State v. G.C.*, 2016-Ohio-717, ¶ 17 (10th Dist.), quoting *State v. Pina*, 49 Ohio App.2d 394, 399 (2d Dist. 1975). The decision regarding whether a defendant is entitled to a court-appointed language interpreter is based on the trial court's assessment of the defendant's apparent ability to comprehend and communicate in the English language. *State v. Castro*, 1995 Ohio App. LEXIS 4105 (2d Dist. Sept. 20, 1995). An imperfect grasp of the English language may be sufficient as long as the defendant has the ability to understand and communicate in English. *Id.*

{¶ 19} "'Generally, a trial court has broad discretion in determining whether a criminal defendant requires the assistance of an interpreter.'" *G.C.* at ¶ 17, quoting *State v. Saah*, 67 Ohio App.3d 86, 95 (8th Dist. 1990); *State v. Preciado*, 2015-Ohio-19, ¶ 9 (8th Dist.); *State v. Xu*, 2016-Ohio-8237, ¶ 13 (5th Dist.).

{¶ 20} R.C. 2311.14 and Sup.R. 88 set forth the circumstances under which the appointment of a foreign language interpreter is mandated. R.C. 2311.14(A)(1) provides in pertinent part:

> Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person.

{¶ 21} In turn, Sup.R. 88 provides, in relevant part:

(A) When appointment of a foreign language interpreter is required.

A court shall appoint a foreign language interpreter in a case or court function in either of the following situations:

(1) A party or witness who is limited English proficient or non-English speaking requests a foreign language interpreter and the court determines the services of the interpreter are necessary for the meaningful participation of the party or witness;

(2) Absent a request from a party or witness for a foreign language interpreter, the court concludes the party or witness is limited English proficient or non-English speaking and determines the services of the interpreter are necessary for the meaningful participation of the party or witness.

{¶ 22} After careful consideration, we find the record does not support Pizzaro's contention that R.C. 2311.14 and Sup.R. 88 mandated the appointment of an interpreter during the plea hearing. Although Pizzaro notified the court of his impaired hearing and his difficulties reading and writing in English, the record reflects that Pizzaro was able to effectively communicate with the court in English and demonstrated the ability to readily understand the court proceedings. Pizzaro responded appropriately to the trial court's inquiries and spoke on his own behalf during the plea and sentencing hearings. If Pizzaro did not understand a legal aspect of the court's advisements, the court took the time and effort to provide Pizzaro with enough information until he fully understood each aspect of his plea and felt comfortable moving forward with the agreement. Significantly, Pizzaro did not request a foreign language interpreter or otherwise suggest that a foreign language interpreter was necessary for his meaningful participation in the proceedings. In addition, Pizzaro was provided a full and fair opportunity to review the State's

evidence, including the surveillance video footage that captured the shooting, and determined that the plea agreement was in his best interests.

{¶ 23} Under these circumstances, we are unable to conclude that Pizzaro's comprehension of the English language prevented him from entering a knowing, intelligent, and voluntary guilty plea. Accordingly, the trial court did not err or abuse its discretion when it accepted Pizzaro's guilty plea in the absence of a foreign language interpreter.

{¶ 24} The sole assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR