DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Brandis Arnold, appeals from her conviction in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On the night of February 2, 2008, Ailyson Clipper and several of her friends went to the Wing Warehouse in Akron, Ohio. Clipper became involved in an altercation with Arnold inside the bar after Arnold made several comments to Clipper about Clipper's children. Once the fight ended, Clipper prepared to leave and walked outside to the parking lot to get into her friend's car. Clipper found Arnold standing next to the car. Clipper then heard Arnold make several more statements and suddenly felt blood rushing down her head. Clipper testified that she never saw Arnold hit her, but saw Arnold backing away with a bat in her hand after Clipper felt the blood on her face. Clipper's friend, Ashley Johnson, testified that she saw Arnold strike *Page 2 
Clipper in the head with a bat. Clipper sustained a lump to her forehead and bruising as a result of the incident.
 {¶ 3} On March 6, 2008, the grand jury indicted Arnold on one count of felonious assault in violation of R.C. 2903.11(A)(2). The matter proceeded to a jury trial on June 10, 2008. The trial court instructed the jury both on felonious assault and on the lesser included offense of assault. Additionally, the jury received two different verdict forms: one for felonious assault and one for assault. The jury found Arnold not guilty of felonious assault, but guilty of assault. The trial court sentenced Arnold to 128 days in jail, but gave her credit for time served.
 {¶ 4} Arnold now appeals from the trial court's judgment and raises a single assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT 1) SUA SPONTE GAVE THE JURY AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF MISDEMEANOR ASSAULT, AND 2) ALLOWED THE ADMISSION OF `OTHER ACTS' EVIDENCE, THEREBY INVITING AND/OR ALLOWING THE JURY TO RENDER AN IMPERMISSIBLE COMPROMISE VERDICT."
 {¶ 5} In her sole assignment of error, Arnold argues that the trial court erred when it sua sponte instructed the jury on the lesser included offense of assault and when it permitted the State to introduce other acts evidence. We disagree.
 {¶ 6} Initially, we note that Arnold's brief collapses two distinct arguments into one assignment of error. Loc. R. 7(B)(7) provides, in relevant part, that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error under a separate heading placed before the discussion of the issues." Arnold's brief should have presented her two distinct arguments in separate assignments of error. *Page 3 
Id. To ease any confusion as a result of her failure to do so, this Court addresses Arnold's arguments separately.
Jury Instructions {¶ 7} Arnold argues that the trial court erred when it sua sponte instructed the jury on assault. The record reflects, however, that Arnold's counsel repeatedly expressed an interest in having the trial court give the jury a lesser included offense instruction. Arnold's counsel made both of the following statements: (1) "I believe I will probably ask for a lesser included offense of assault"; and (2) "I also think it's relevant to talk about the fact that — especially since I'm going to ask for an instruction on assault, that this is not a felonious assault." Furthermore, Arnold did not object to either the trial court's instruction on the lesser included offense of assault or to the two alternative jury forms presented to the jury. When the trial court specifically asked whether there were any objections to the jury instructions, Arnold's counsel replied in the negative.
 {¶ 8} "Waiver is the intentional relinquishment or abandonment of a right." State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 23. Barring structural error, a conclusion that a defendant knowingly waived her rights ends this Court's analysis on that issue. Id. at ¶ 24. "On the other hand, forfeiture is a failure to preserve an objection *** [and] does not extinguish a claim of plain error under Crim. R. 52(B)." Id. at ¶ 23, quoting State v. McKee (2001), 91 Ohio St.3d 292, 299
(Cook, J., dissenting). Yet, this Court will not construct a claim of plain error on a defendant's behalf if the defendant fails to argue plain error on appeal. See State v. Hairston, 9th Dist. No. 05CA008768,2006-Ohio-4925, at ¶ 11.
 {¶ 9} Even if Arnold did not waive her jury instruction argument by repeatedly expressing an interest in a lesser included offense instruction and by responding in the negative *Page 4 
when affirmatively asked whether there were any objections to the jury instructions, the record reflects that Arnold did not object to the court's instructions and does not argue plain error on appeal. Accordingly, Arnold's argument as to the court's lesser included offense instruction is overruled.
Other Acts Evidence {¶ 10} Next, Arnold argues that the trial court erred by allowing the State to introduce other acts evidence. The record reflects that the trial court allowed the State to introduce testimony that Arnold previously attacked a man with whom she had just had an altercation by striking him in the head with a beer bottle upon his return from the restroom. Arnold argues that the trial court should have excluded this evidence because it was irrelevant to the proceedings and only tended to show that Arnold had a propensity towards violence.
 {¶ 11} A trial court possesses broad discretion with respect to the admission of evidence. State v. Maurer (1984), 15 Ohio St.3d 239, 265. This includes the discretion "to determine whether to admit evidence of prior acts pursuant to Evid. R. 404(B)." State v. Patel, 9th Dist. No. 24030, 2008-Ohio-4693, at ¶ 8. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 12} For other acts evidence to be admissible, "substantial evidence must prove that the other acts were committed by the defendant" and "the other acts evidence must fall within one of the theories of admissibility enumerated in Evid. R. 404(B)." State v. Stephens, 9th Dist. No. 23845, 2008-Ohio-890, at ¶ 14, citing State v. Broom (1998),40 Ohio St.3d 277, 282. *Page 5 
"While the State generally cannot introduce other acts evidence to prove that a defendant possessed a certain character trait and acted in conformity therewith, Evid. R. 404(B) permits the State to introduce evidence of other crimes, wrongs, or acts in certain instances."State v. Clay, 9th Dist. No. 23889, 2008-Ohio-2158, at ¶ 29. Such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid. R. 404(B).
 {¶ 13} Arnold does not deny that she committed the other acts that the State introduced at trial. She only argues that the other acts evidence did not fit into one of Evid. R. 404(B)'s enumerated theories. We need not address this contention. Even if the trial court erred by admitting the other acts testimony, that error was harmless. See State v.Adams, 9th Dist. No. 07-CA-0086, 2008-Ohio-4939, at ¶ 29 (concluding that admission of other acts evidence was harmless because of "myriad of evidence" presented against the defendant at trial). Johnson testified that she saw Arnold hit Clipper in the head with a bat. Clipper testified that, although she did not see Arnold strike her, she suddenly felt blood rushing down her head and saw Arnold backing away from her with a bat in her hand. Several witnesses testified that Clipper sustained a lump to her forehead and bruising as a result of the incident. Further, Lieutenant David Whiddon testified that Arnold admitted to hitting Clipper in the head with a bat in a recorded phone conversation that Arnold had with Antone Dortch, the father of her child, while Dortch was in jail. Based on all of the foregoing, even if the trial court erred by admitting evidence of Arnold's other acts, that error was harmless given the "myriad of evidence" presented against Arnold. Adams at ¶ 29. Arnold's argument as to the trial court's admission of other acts evidence is overruled. *Page 6 
 III {¶ 14} Arnold's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, J. MOORE, P. J. CONCUR. *Page 1