[Cite as *State v. Daniels*, 2012-Ohio-2000.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 11CA010021 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GARY E. DANIELS, SR. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 11CR082540 |

DECISION AND JOURNAL ENTRY

Dated: May 7, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Gary Daniels, appeals from his conviction in the Lorain County Court of Common Pleas. This Court affirms.

I

{¶2} The victim in this case, E.H., and her family lived in the downstairs portion of a vertical duplex. Daniels resided in the upstairs portion of the duplex along with his two children. E.H. frequently visited Daniels' residence, as she babysat his two children and borrowed items from Daniels on behalf of her mother. In January 2011, E.H. and her mother went to the Health Department so that E.H. could get a booster shot. The nurse who examined E.H. became suspicious that E.H. showed signs of pregnancy and performed a pregnancy test. The test was positive. E.H. was twelve years old at the time she discovered she was pregnant. She had an abortion in her 17th week of pregnancy, and later DNA testing confirmed that Daniels was the father of E.H.'s baby. At the time of trial, Daniels was 64 years old.

{¶3}   A grand jury indicted Daniels on one count of rape, in violation of R.C. 2907.02(A)(1)(b).  A jury trial began on May 31, 2011, at the conclusion of which the jury found Daniels guilty of rape.  The court sentenced Daniels to ten years in prison.

{¶4}   Daniels now appeals from his conviction and raises two assignments of error for our review.

II

Assignment of Error Number One

THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF MR. DANIELS'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION.

{¶5}   In his first assignment of error, Daniels argues that his conviction is against the manifest weight of the evidence.  We disagree.

{¶6}   In determining whether a conviction is against the manifest weight of the evidence an appellate court:

must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other.  *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).  Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony.  *Id.*  Therefore, this Court's "discretionary power to grant a new trial

should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also Otten*, 33 Ohio App.3d at 340.

{¶7} "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.02(A)(1)(b). "Sexual conduct" includes vaginal intercourse. R.C. 2907.01(A). Whoever commits the foregoing offense is guilty of rape. R.C. 2907.01(B).

{¶8} E.H. testified that Daniels forced her to engage in vaginal intercourse on the couch in his living room. The incident happened at some point during the 2010 school year when her mother sent her to Daniels on an errand. According to E.H., Daniels pushed her down, removed her pants and underwear, and had intercourse with her over her protests to stop. E.H. testified that she did not know she was pregnant until informed of her positive pregnancy test at the Health Department. E.H. admitted that she initially lied to the police and told them that J.N., a fifteen-year old boy, had raped her. She explained that she initially lied about who raped her because she was scared and did not want anyone to know that a much older man was responsible.

{¶9} Chelsey Doohan testified that she worked for Preterm, an abortion clinic, and handled the medical records for the clinic. Doohan testified that E.H. was 17.4 weeks pregnant at the time she obtained an abortion. Lorain Police Department Detective Steyven Curry was present for the procedure and took the fetus removed from E.H. to the Bureau of Criminal Identification and Investigation ("BCI") for testing. He also took oral swabs from J.N., the juvenile E.H. initially accused, and Daniels. BCI forensic scientist Stacy Violi tested all of the

samples Detective Curry brought to BCI. The results of the DNA testing Violi performed confirmed that there was a 99.99% chance that Daniels was the father of E.H.'s baby.

{¶10} Daniels argues that his conviction is against the manifest weight of the evidence because E.H. had lied to the police about the identity of the baby's father. According to Daniels, J.N. was clearly the father of E.H.'s baby and either Detective Curry or BCI must have mistakenly transposed the oral swabs collected from Daniels and J.N. There is no evidence, however, that such a mix up occurred. Detective Curry explained that he took samples from both J.N. and Daniels, but that he took the samples several days apart and separately packaged each sample. Violi testified that all of the samples she received were separately packaged and that, pursuant to protocol, she only tested one sample at a time before sealing the sample and moving to the next one. Daniels' claim of a sample mix up is entirely speculative. *See State v. Hoffmeyer*, 9th Dist. No. 23712, 2008-Ohio-2311, ¶ 17 (reviewing a weight challenge and opining that "speculation about what could have possibly happened was not evidence that it did happen"). Moreover, E.H. explained why she initially lied to the police about the identity of her baby's father. The jury was free to believe E.H.'s version of the events, especially given that DNA testing yielded virtually definitive proof that Daniels fathered E.H.'s baby. *State v. DeWerth*, 9th Dist. No. 11CA0032-M, 2012-Ohio-1384, ¶ 23. Upon our review of the record, this is not the exceptional case in which the jury clearly lost its way in convicting Daniels. *See Otten*, 33 Ohio App.3d at 340. Daniels' first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT ERRED IN ALLOWING THE STATE TO INTRODUCE HEARSAY EVIDENCE IN VIOLATION OF MR. DANIELS'S RIGHT TO CONFRONTATION AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶11} In his second assignment of error, Daniels argues that the trial court erred by allowing the State to introduce hearsay evidence. Specifically, he challenges the introduction of a letter that E.H. wrote to her mother, in which she identified Daniels as the man who raped her.

{¶12} The record reflects that Daniels did not object when the State introduced E.H.'s letter during her testimony, during her mother's testimony, or during Detective Curry's testimony. When Daniels finally did object to the letter at the point of its admission, he only objected to the letter on the basis that it was a copy instead of the original letter. He failed to contemporaneously object to the introduction of the letter and never challenged the letter on the basis that it was inadmissible hearsay.

{¶13} "The law is well settled that [a] failure to contemporaneously object during the identification of a document and testimony regarding it forfeits appellate review." *State v. Cross*, 9th Dist. No. 25487, 2011-Ohio-3250, ¶ 49. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "Yet, this Court will not construct a claim of plain error on a defendant's behalf if the defendant fails to argue plain error on appeal." *State v. Arnold*, 9th Dist. No. 24400, 2009-Ohio-2108, ¶ 8. Daniels has not argued plain error on appeal or "presented any reason why this Court should address this issue for the first time on appeal." *State v. Allen*, 9th Dist. No. 25349, 2012-Ohio-249, ¶ 29. We, therefore, will not address the merits of his argument. Daniels' second assignment of error is overruled.

III

**{¶14}** Daniels' assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

PAUL A. GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY P. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.