[Cite as *In re P.L.B.*, 2019-Ohio-1056.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | Case No. 18CA19 |
| | : | |
| P.L.B. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| ADOPTION | : | **Released: 03/14/19** |

_____

<u>APPEARANCES</u>:

Matthew F. Loesch, Portsmouth, Ohio, for Appellants.

Jenna J. Waldo, Ironton, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Appellants, the child's biological mother and stepfather, appeal the trial court's judgment concluding that Appellee's (the biological father) consent to the adoption of the minor child is required and dismissing the stepfather's petition to adopt the minor child.

{¶2} In their sole assignment of error, Appellants contend that the trial court's finding that Appellee had justifiable cause for any failure to provide more than de minimis contact with the child or to provide maintenance and support for the child is against the manifest weight of the evidence. Appellants claim that the evidence does not show that Appellee had any justification for failing to have more than de minimis contact with the child and for failing to provide maintenance and support for the child. Appellants

contend that Appellee's failure to have more than de minimis contact with the child is not justified because, although Appellee requested visits with the child, he requested the visits at inconvenient times or on the same day as the request. Appellants assert that Appellee's failure to provide maintenance and support for the child is not justified because he did not offer any reasonable rationale for failing to do so. Appellants also allege that Appellee failed to file a written objection to the adoption petition and that this failure means that his consent is not required.

{¶3} We do not agree with Appellants. Instead, the record contains some competent and credible evidence to support the trial court's finding that Appellee had justifiable cause for failing to have more frequent contact with the child and for failing to provide maintenance and support for the child. The evidence supports the court's findings that the mother frustrated Appellee's attempts to visit the child and that the mother hindered Appellee's ability to provide maintenance and support for the child. Thus, some evidence supports the court's findings that Appellee had justifiable cause for any failure to provide more than de minimis contact with the child or to provide maintenance and support.

{¶4} Appellants failed to argue during the trial court proceedings that Appellee's consent is not required because he did not file a written objection

to the adoption petition. We will not consider the issue for the first time on appeal.

{¶5} Accordingly, we overrule appellants' sole assignment of error and affirm the trial court's judgment.

## I. FACTS

{¶6} Approximately four months after the stepfather and the mother married, the stepfather filed a petition to adopt the nearly three-year-old child. The petition alleged that Appellee's consent is not required for the following reasons: (1) Appellee failed without justifiable cause to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the child in the petitioner's home; (2) Appellee failed without justifiable cause to provide for the maintenance and support of the child as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition; and (3) Appellee failed to register with Ohio's putative father registry.

{¶7} In July 2018, the court held a hearing. The mother testified that Appellee saw the child a few times in the year preceding the adoption petition. She additionally stated that she asked Appellee to help pay for the child's diapers, the child's babysitter, and one of the child's medical bills.

The mother alleged that Appellee did not provide any of the financial assistance that she requested.

{¶8} Appellee testified and explained that after the mother started dating her now-husband, the mother curtailed Appellee's involvement in the child's life and frustrated his attempts to visit the child. Appellee related that he would text the mother to arrange a time when he could see the child, but the mother often claimed to be busy at work or she would not respond at all. Appellee also stated that he asked the mother if she needed him to send any money. Appellee indicated that the mother responded that she did not need him "to send anything" and that if Appellee wanted to have "anything to do with [the child]," Appellee would "have to start taking care of him."

{¶9} Appellee explained that during the year preceding the filing of the adoption petition, he went to the child support office to attempt to establish child support. He further stated that he has provided diapers for the child on occasion and given the child some clothes and toys. Appellee also indicated that he offered to pay for things the child needed. Appellee testified that he offered to help the mother pay the medical bill she requested, and she told him that he could not make any payments towards it until an account was set up for Appellee. Appellee indicated that he did not

give the mother any money for the child, because "[i]t would be considered a gift."

{¶10} Appellee explained that in November 2017, the mother asked him to give up his parental rights to the child. Appellee refused to give up his parental rights.

{¶11} On August 13, 2018, the trial court found that Appellee did not fail, without justifiable cause, to maintain more than de minimis contact with the child or to provide maintenance and support during the one-year period preceding the adoption petition. The court found that Appellee sought the Lawrence County Child Support Enforcement Agency's assistance to obtain a child support order during the year preceding the adoption petition. The court also found that the father had more than de minimis contact with the child and attempted to have additional contact with the child. The court determined that the mother did not facilitate visitation and that any failure was therefore justifiable.

{¶12} The court additionally found that any failure to provide maintenance and support for the child was with justifiable cause. The court noted that a child support order did not exist and that the mother "informed the father that she did not want cash from him." The court further found that

the father "offered to buy whatever the child needed[,] including food and clothes," but "the mother refused his offers."

{¶13} The court also observed that "[t]he mother notified [Appellee] of a medical bill for which she sought his assistance in paying but also notified him that no payment could be made until the provider contacted her with a method of payment. The method of payment was never provided to [Appellee]."

{¶14} The court found that "the issues between the mother and father are more appropriate for consideration in a proceeding addressing orders for visitation and child support. It appears the mother has frustrated the provisions of maintenance and support as well as visitation in an effort to exclude the father from involvement in his child's life as she has married and wishes to create a new family unit." The court found that Appellants failed to show that Appellee's consent is unnecessary. It thus dismissed the petition to adopt.

## II. ASSIGNMENT OF ERROR

{¶15} Appellants timely appealed and raise one assignments of error:

"The Trial Court erred in finding that Appellee/Father Brian Thompson's consent to the adoption was required pursuant to ORC 3107.07."

### III.  ANALYSIS

{¶16} In their sole assignment of error, Appellants argue that the trial court erred by determining that Appellee's consent to adoption is required. Appellants first contend that the evidence does not support the trial court's finding that Appellee's failure to provide maintenance or support for the child was justifiable.  Appellants recognize that the court found that the mother's conduct justified Appellee's failure, but they claim that the court's finding that the mother "frustrated the Appellee's attempts to provide support" "is unreasonable considering the testimony presented at the hearing." Appellants assert that Appellee admitted that he did not provide any financial or other assistance to help support the child during the one year preceding the adoption petition.  Appellants also claim that when the mother asked Appellee to help pay a medical bill for the child, Appellee responded that the mother needed to obtain "better insurance."  Appellants thus allege that the foregoing evidence establishes that Appellee's failure to provide maintenance or support was not justified.

{¶17} Appellants next assert that Appellee failed to have more than de minimis contact with the child and that his failure was not justified. Appellants contend that even though Appellee attempted to arrange visits with the child, Appellee requested the visits on "the same day or on

otherwise inconvenient times." Appellants claim that the mother justifiably denied Appellee's requests for visitations because Appellee failed to request visits in a timelier fashion. Appellants also contend that Appellee failed to seek court intervention to obtain visitation time with the child.

{¶18} Appellants additionally argue that Appellee's consent is not required because he failed to file a written objection to the adoption petition.

{¶19} Appellee counters that the evidence supports the trial court's findings that any failures to maintain more than de minimis contact with the child or to provide maintenance or support were justified. Appellee contends that during the one-year period preceding the adoption petition, he had several visits with the child and "tirelessly" attempted to arrange visits with the child. Appellee asserts that the mother continuously frustrated his attempts to arrange visits with the child.

{¶20} Appellee also argues that he attempted to establish child support during the one-year period preceding the filing of the adoption petition. Appellee claims that the mother's failure to provide him with her current address hindered his ability to proceed with obtaining an order.

{¶21} Appellee further asserts that Appellants failed to argue during the trial court proceedings that he failed to file a written objection to the adoption petition and that they cannot, therefore, raise the issue on appeal.

Appellee notes that Appellants appeared for the hearing on the issue of consent, participated in the hearing with counsel, and filed post-hearing briefs without ever raising an argument that Appellee failed to file a written objection. Appellee thus contends that Appellants cannot raise the issue for the first time on appeal.

{¶22} Initially, we note that " 'natural parents have a fundamental liberty interest in the care, custody, and management of their children.' " *In re Adoption of K.N.W.,* 4th Dist. Athens Nos. 15CA36 and 15CA37, 2016–Ohio–5863, ¶ 21, citing *State ex rel. V.K.B. v. Smith,* 138 Ohio St.3d 84, 2013–Ohio–5477, 3 N.E.3d 1184, ¶ 16, quoting *In re Hockstok,* 98 Ohio St.3d 238, 2002–Ohio–7208, 781 N.E.2d 971, ¶ 16. This is a constitutionally protected interest. *In re Mullen,* 129 Ohio St.3d 417, 2011–Ohio–3361, 953 N.E.2d 302, ¶ 11. Because an adoption permanently terminates the natural parent's parental rights, courts must afford the natural parent every procedural and substantive protection before it deprives the parent of the right to consent to the adoption. *In re Hayes,* 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997).

{¶23} Because parents have a constitutionally protected fundamental liberty interest in the care, custody, and management of their children, parental consent to an adoption ordinarily is required. *In re Adoption of*

*Schoeppner,* 46 Ohio St.2d 21, 24, 345 N.E.2d 608 (1976); *accord In re*

*Adoption of M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d

1236, ¶ 40; R.C. 3107.06.  Any exception to the consent-requirement "must

be strictly construed so as to protect the right of natural parents to raise and

nurture their children." *In re Adoption of Schoeppner,* 46 Ohio St.2d 21, 24,

345 N.E.2d 608 (1976); *accord In re Adoption of M.G.B.-E.*, 154 Ohio St.3d

17, 2018-Ohio-1787, 110 N.E.3d 1236, ¶ 40.

{¶24} R.C. 3107.07 defines the circumstances under which a parent's

consent to adoption is not required.  Under R.C. 3107.07(A), a parent's

consent to adoption is not required if the trial court "finds by clear and

convincing evidence that the parent has failed without justifiable cause to

provide more than de minimis contact with the minor or to provide for the

maintenance and support of the minor as required by law or judicial decree

for a period of at least one year immediately preceding either the filing of

the adoption petition or the placement of the minor in the home of the

petitioner."

{¶25} We note that R.C. 3107.07(A) is written in the disjunctive. *In re*

*X.A.F.,* 4th Dist. Athens No. 17CA18, 2018-Ohio-215, ¶ 13; *In re K.C.,* 3rd

Dist. Logan No. 8–14–03, 2014–Ohio–3985, ¶ 21.  "Therefore, a failure

without justifiable cause to provide *either* more than de minimis contact with

the minor *or* maintenance and support for the one-year time period is sufficient to obviate the need for a parent's consent." (Emphasis sic.) *K.C.* at ¶ 21*, citing In re A.H.,* 9th Dist. Lorain No. 12CA010312, 2013–Ohio–1600, ¶ 9; *accord In re M.B.,* 131 Ohio St.3d 186, 2012–Ohio–236, 963 N.E.2d 142, ¶ 23 ("R.C.3107.07(A) does not require parental consent to adoption if the parent either failed to communicate with or failed to support the child for a minimum of one year preceding the filing of the adoption petition and if there was no justifiable cause for the failure.")

{¶26} R.C. 3107.07(A) thus involves "a two-step analysis." *M.B.* at ¶ 23. First, a court must consider whether a parent failed to have more than de minimis contact with the child or failed to support the child for a minimum of one year preceding the filing of the adoption petition. *Id.* Second, if the parent failed in either of the foregoing respects, the court then determines whether justifiable cause exists. *Id.* A parent ordinarily "has justifiable cause for failing to communicate when the custodial parent significantly interferes with or significantly discourages communication" *In re Adoption of M.G.B.-E.,* 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236, ¶ 39.

{¶27} The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed without justifiable cause to have more than de minimis contact with the child or failed to

support the child for a minimum of one year preceding the filing of the adoption petition. *In re Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985); *accord In re B.B.S.,* 4th Dist. Washington No. 15CA35, 2016–Ohio–3515, ¶ 30.  In other words, " '[n]o burden is to be placed upon the non-consenting parent to prove that his failure * * * was justifiable.' " *Holcomb* at 368.

{¶28} A probate court possesses discretion when determining whether a parent failed to have contact with or support the child during the one-year period. *Id.* at ¶ 25.  Thus, in the absence of an abuse of discretion, an appellate court will not disturb the probate court's finding concerning a parent's failure to have contact with or support the child. *Id.*  Abuse of discretion means an " 'unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken.' " *State v. Kirkland,* 140 Ohio St.3d 73, 2014–Ohio–1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady,* 119 Ohio St.3d 375, 2008–Ohio–4493, 894 N.E.2d 671, ¶ 23.  "An abuse of discretion includes a situation in which a trial court did not engage in a ' "sound reasoning process." ' " *State v. Darmond,* 135 Ohio St.3d 343, 2013–Ohio–966, 986 N.E.2d 971, ¶ 34, quoting *State v. Morris,* 132 Ohio St.3d 337, 2012–Ohio–2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place*

*Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553

N.E.2d 597 (1990). The "[a]buse-of-discretion review is deferential and

does not permit an appellate court to simply substitute its judgment for that

of the trial court. *Darmond* at ¶ 34. Accordingly, the probate court's

decision may be reversed only if appellant can demonstrate that the decision

was unreasonable, arbitrary, or unconscionable.

{¶29} The question of justifiable cause, however, is a factual matter

for the probate court that an appellate court will not disturb, unless the

probate court's finding " 'is against the manifest weight of the evidence.' "

*Id.* at ¶ 24, quoting *In re Adoption of Masa,* 23 Ohio St.3d 163, 492 N.E.2d

140 (1986), paragraph two of the syllabus. "When an appellate court

reviews whether a trial court's decision is against the manifest weight of the

evidence, the court weighs the evidence and all reasonable inferences,

considers the credibility of witnesses and determines whether in resolving

conflicts in the evidence, the factfinder clearly lost its way and created such

a manifest miscarriage of justice that the judgment must be reversed."

*Martin v. Jones,* 2015–Ohio–3168, 41 N.E.3d 123, ¶ 68 (4th Dist.), citing

*Eastley v. Volkman,* 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517,

¶ 25. Generally, an appellate court will presume that a trial court's findings

are accurate and will reverse a judgment as being against the manifest

weight of the evidence only in the exceptional case in which the evidence weighs heavily against the judgment. *In re K.N.W.,* 4th Dist. Athens Nos. 15CA36, 15CA37, 2016–Ohio–5863, ¶ 27.

{¶30} Moreover, when reviewing evidence under the manifest weight of the evidence standard, an appellate court generally must defer to the fact-finder's credibility determinations. *Eastley* at ¶ 21. Thus, " ' "every reasonable intendment must be made in favor of the judgment and the finding of facts." ' " *Id.,* quoting *Seasons Coal Co.*, 10 Ohio St.3d at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191– 192 (1978). Furthermore, " ' "[i]f the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." ' " *Id.,* quoting *Seasons Coal Co.*, 10 Ohio St.3d at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶31} Consequently, "we should not reverse a judgment merely because the record contains evidence that could reasonably support a different conclusion." *Bugg v. Fancher*, 4th Dist. Highland No. 06CA12, 2007-Ohio-2019, 2007 WL 1225734, ¶ 9. Instead, as we explained in *Bugg*:

> "It is the trier of fact's role to determine what evidence is the most credible and convincing. The fact finder is charged with the duty of

choosing between two competing versions of events, both of which are plausible and have some factual support. Our role is simply to insure the decision is based upon reason and fact. We do not second guess a decision that has some basis in these two factors, even if we might see matters differently. Rather, we must defer to the trier of fact in that situation." *Id.* at ¶ 9.

As such, when there are two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, we will not choose which one is more credible. *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999). We additionally observe that the fact-finder is free to believe all, part, or none of the testimony of each witness appearing before it and "may separate the credible parts of the testimony from the incredible parts." *KB Resources, LLC v. Patriot Energy Partners, LLC*, 7th Dist. Columbiana No. 17 CO 0002, 2018-Ohio-2771, 2018 WL 3487166, ¶ 85; *Thompson v. Hayslip*, 74 Ohio App.3d 829, 600 N.E.2d 756 (4th Dist. 1991).

{¶32} After our review of the evidence in the case at bar, we do not believe that the trial court's finding that Appellee had justifiable cause for any failure to provide more than de minimis contact with the child or to provide maintenance or support for the child is against the manifest weight of the evidence. The record contains both Appellee's testimony and text messages between Appellee and the mother in which Appellee attempted to arrange visits with the child. The trial court heard the testimony and

reviewed the text messages and concluded that the mother did indeed frustrate Appellee's attempts to visit the child on a more frequent basis. *M.G.B.-E.* at ¶ 39 (stating that parent ordinarily "has justifiable cause for failing to communicate when the custodial parent significantly interferes with or significantly discourages communication").  Because the record contains some competent and credible evidence to support the court's finding, we will not disturb it.

{¶33} The record likewise contains some competent and credible evidence to support the court's finding that Appellee had justifiable cause for failing to provide maintenance and support for the child.  The evidence shows that Appellee attempted to obtain a child support order but was not successful due to the mother's failure to provide her current address. Additionally, some evidence exists that Appellee wanted to help pay for the child's medical bill, but the mother informed Appellee that he could not do so until an account to which Appellee could send payments was established. The evidence shows that the mother never provided Appellee with this account information.

{¶34} In sum, the trial court heard the evidence and was in the best position to weigh the credibility of the evidence.  The trial court obviously believed Appellee's testimony that the mother frustrated both his attempts to

visit the child and to provide maintenance and support for the child. Based upon the evidence presented at the hearing, the trial court could have reasonably determined that Appellants failed to present clear and convincing evidence that Appellee did not act with justifiable cause. We thus have no reason to disturb the court's findings.

{¶35} Appellants next claim that Appellee's failure to file a written objection to the adoption petition means that pursuant to R.C. 3107.07(K), his consent is not required.

{¶36} We recognize that under R.C. 3107.07(K), a parent's consent to adoption is not required if the parent receives proper notice of the adoption petition and "fails to file an objection to the petition within fourteen days." In the case at bar, however, Appellants failed to argue during the trial court proceedings that R.C. 3107.07(K) shows that Appellee's consent is not required.

{¶37} It is well-settled that a party may not raise any new issues or legal theories for the first time on appeal. *Stores Realty Co. v. Cleveland,* 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975). Thus, a litigant who fails to raise an argument before the trial court forfeits the right to raise that issue on appeal. *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 30 (stating that "an appellant

generally may not raise an argument on appeal that the appellant has not raised in the lower courts"); *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 21 (explaining that defendant forfeited his constitutional challenge by failing to raise it during trial court proceedings); *Gibson v. Meadow Gold Dairy*, 88 Ohio St.3d 201, 204, 724 N.E.2d 787 (2000) (concluding that party waived arguments for purposes of appeal when party failed to raise those arguments during trial court proceedings); *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177, 602 N.E.2d 622 (1992) (explaining that an appellant cannot "present * * * new arguments for the first time on appeal"); *accord State ex rel. Jeffers v. Athens Cty. Commrs.,* 4th Dist. Athens No. 15CA27, 2016-Ohio-8119, 2016 WL 7230928, fn.3 (stating that "[i]t is well-settled that failure to raise an argument in the trial court results in waiver of the argument for purposes of appeal"); *State v. Anderson*, 4th Dist. Washington No. 15CA28, 2016-Ohio-2704, 2016 WL 1643247, ¶ 24 (explaining that "arguments not presented in the trial court are deemed to be waived and may not be raised for the first time on appeal").

{¶38} Appellate courts may, however, consider a forfeited argument using a plain-error analysis. *See Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife,* 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718,

¶ 27 (stating that reviewing court has discretion to consider forfeited constitutional challenges); *see also Hill v. Urbana*, 79 Ohio St.3d 130, 133–34, 679 N.E.2d 1109 (1997), citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus (stating that "[e]ven where [forfeiture] is clear, [appellate] court[s] reserve[] the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it"). For the plain error doctrine to apply, the party claiming error must establish (1) that " 'an error, i.e., a deviation from a legal rule' " occurred, (2) that the error was " 'an "obvious" defect in the trial proceedings,' " and (3) that this obvious error affected substantial rights, i.e., the error " 'must have affected the outcome of the trial.' " *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001, 1003 (1982) ("A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings."). For an error to be "plain" or "obvious," the error must be plain "under current law" "at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 467, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718

(1997); *accord Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240; *State v. G.C.*, 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, 2016 WL 764409, ¶ 14.

{¶39} The plain error doctrine is not, however, readily invoked in civil cases. Instead, an appellate court "must proceed with the utmost caution" when applying the plain error doctrine in civil cases. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). The Ohio Supreme Court has set a "very high standard" for invoking the plain error doctrine in a civil case. *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 721 N.E.2d 47 (2000). Thus, "the doctrine is sharply limited to the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss*, 79 Ohio St.3d at 122, 679 N.E.2d 1099; *accord Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶ 43. Moreover, appellate courts " 'should be hesitant to decide [forfeited errors] for the reason that justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.' " *Risner* at ¶ 28, quoting *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983), fn. 2; *accord Mark v. Mellott Mfg. Co.,*

*Inc.*, 106 Ohio App.3d 571, 589, 666 N.E.2d 631 (4th Dist.1995) ("Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process."). Additionally, "[t]he plain error doctrine should never be applied to reverse a civil judgment * * * to allow litigation of issues which could easily have been raised and determined in the initial trial." *Goldfuss,* 79 Ohio St.3d at 122, 679 N.E.2d 1099.

**{¶40}** Here, Appellants failed to raise R.C. 3107.07(K) at a time when the trial court could have considered the matter.  Moreover, Appellants do not present an argument that the trial court plainly erred by failing to conclude that R.C. 3107.07(K) applies and means that Appellee's consent is not required.  We therefore will not consider the issue. *E.g., Matter of K.W.*, 4th Dist. Highland, 2018-Ohio-1933, 111 N.E.3d 368, ¶ 94 (refusing to consider plain-error when litigant fails to argue it); *Wilson v. Farahay*, 4th Dist. Adams No. 14CA994, 2015-Ohio-2509, 2015 WL 3886438, ¶ 34; *accord State v. Arnold,* 9th Dist. Summit No. 24400, 2009-Ohio-2108, 2009 WL 1220654, ¶ 8 ("[T]his Court will not construct a claim of plain error on a defendant's behalf if the defendant fails to argue plain error on appeal.").

**{¶41}** Accordingly, based upon the foregoing reasons, we overrule Appellants' sole assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**